## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MIKE CZAJKA,

    Plaintiff,                                        Case No.

v.                                                  Hon.

A.D. TRANSPORTATION EXPRESS, INC.,

    Defendant.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
Kara F. Krause (P85487)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
617 Detroit Street, Suite 125
Ann Arbor, MI 48103
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com
kara@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out of this transaction or occurrence alleged in the complaint.

### **COMPLAINT AND JURY DEMAND**

Plaintiff Mike Czajka ("Plaintiff"), by and through his attorneys, HURWITZ LAW PLLC, hereby alleges as follows:

1

## INTRODUCTION

1. This is an action for compensatory damages, costs, attorneys' fees, punitive damages, and other relief against Defendant A.D. Transportation Express, Inc. ("Defendant"). Plaintiff was terminated after suffering a serious health condition contrary to the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA") and the Michigan's Persons with Disabilities Civil Rights Act of 1976, MICH. COMP. LAWS § 37.1101 *et seq.* ("PWDCRA"). Defendant would not have terminated him "but for" his qualified disability. Further, Defendant withheld his personnel file contrary to the Bullard-Plawecki Employee Right to Know Act, MICH. COMP. LAWS § 423.501 *et seq.*

## JURISDICTION AND PARTIES

2. Plaintiff resides in Livonia, Michigan in Wayne County.

3. Defendant is a shipping provider corporation incorporated in Canton, Michigan in Wayne County.

4. The U.S. District Court for the Eastern District of Michigan has subject matter jurisdiction over the federal law claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper as this is the judicial district in which a substantial part of the events giving rise to the claims occurred under 28 U.S.C. § 1391.

## **GENERAL ALLEGATIONS**

6. Defendant is a shipping transportation service, which includes trucking networks, expedition services, and logistical coordination across the United States.

7. Plaintiff had been employed as an Operation Agent for approximately two years before he was placed on an involuntary indefinite leave in November 2020.

8. Plaintiff was diagnosed with B-cell non-Hodgkin lymphoma on December 10, 2018, and immediately informed Shift Manager Tom Vantuyle.

9. Defendant allowed Plaintiff to undergo a full cycle of chemotherapy to treat his cancer and ultimately resume work in October 2019.

10. After his chemotherapy concluded, Plaintiff spoke with Defendant about his position and inquired if he would lose any seniority.

11. Defendant responded to Plaintiff by stating that he would not lose any vacation days for the upcoming 2020 year and that it was "like [he] never left."

12. On August 6, 2020, 10 months after resuming work, Plaintiff was diagnosed with cancer again, and immediately told Afternoon Supervisor Jimmy Bilseth that he needed to undergo chemotherapy for a second time, beginning on September 4, 2020.

13. Mr. Bilseth failed to direct Plaintiff to Human Resources to discuss his rights under the FMLA.

14. On September 7, 2020, three days after Plaintiff began his second round of chemotherapy, he arrived for work.

15. On September 8, 2020, Plaintiff communicated that the multiple rounds of chemotherapy he had received were taking a toll on his body. Plaintiff described experiencing severe fatigue, dizziness, and nauseousness.

16. Following this conversation, Defendant placed Plaintiff on an involuntary indefinite leave without engaging in the interactive process or discussing the possibility of intermittent FMLA leave with him.

17. In November 2020, Plaintiff called Defendant and expressed that he was ready to return to work.

18. Instead of coordinating an expected return to work date with Plaintiff, engaging in the interactive process, or discussing the possibility of intermittent FLMA leave, Defendant told him to call back in a week.

19. Plaintiff called back on November 9, 2020, and he was transferred to Senior Logistics Manager Ed Fargasi.

20. Mr. Fargasi stated that he "hired new people" and that "business was slow." He told Plaintiff to call back the following week, rather than coordinating an expected return to work date, engaging in the interactive process, or discussing the possibility of intermittent FMLA leave,.

21. Plaintiff called Defendant in both December 2020 and January 2021 regarding his potential return to work.

22. Each time Plaintiff called Defendant, he was transferred to Mr. Fargasi and was told that "business was slow," clearly insinuating that he would not be reinstated to his position.

23. Ultimately, Plaintiff was terminated by being placed on an involuntary indefinite leave that he was not allowed to return from.

24. Defendant is a covered employer under the FMLA, and Plaintiff had a serious health condition that should have been covered with job protection, as his right to "be restored by the employer to the position o employment benefits, pay and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1)(A)-(B).

25. Defendant signed a Charge of Discrimination with the Equal Employment Opportunity Commission on January 17, 2022 and will amend his Complaint to add an ADA claim upon receiving a Right to Sue letter.

## COUNT I
## FMLA INTERFERENCE AND RETALIATION

26. Plaintiff incorporates by reference herein the foregoing paragraphs.

27. Plaintiff dutifully performed his duties for over a year in total.

28. Plaintiff's B-cell non-Hodgkin lymphoma is a "serious health condition" under the FMLA, as it is an injury, impairment, or physical condition that

involved inpatient care in a hospital and "continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

29. Plaintiff promptly and directly communicated his diagnosis and his need for medical leave in order to receive life-saving treatment for the second time.

30. Defendant was on notice that he required protected medical leave.

31. Defendant did not notify Plaintiff that he could apply for FMLA certification and take a protective medical leave, despite having four separate opportunities to do so.

32. Plaintiff was terminated and/or not reinstated due to missing work for a "serious health condition."

33. Defendant cannot prove the elimination of Plaintiff's job was premediated.

34. Defendant's violation was knowing and willful.

35. Plaintiff suffered feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will continue to suffer in the future, because of the retaliation.

36. As a further proximate result of Defendant's action, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of his earning capacity and ability to work in the future.

## COUNT II
## <u>RETALIATION IN VIOLATION OF THE PWDCRA</u>

37. Plaintiff incorporates by reference herein the foregoing paragraphs.

38. Plaintiff has a "disability" under the PWDCRA.

39. Defendant retaliated against him for his request for a reasonable accommodation, by acts including, but not limited to, terminating his employment.

40. Defendant did not advise Plaintiff of his rights under the PWDCRA or engage in the interactive process.

41. Defendant's actions violate the PWDCRA.

42. Plaintiff suffered feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will continue to suffer in the future, because of the retaliation.

43. As a further proximate result of Defendant's action, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of his earning capacity and ability to work in the future.

44. Plaintiff has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT III
## FAILURE TO PROVIDE PERSONNEL FILE PURSUANT TO BULLARD-PLAWECKI EMPLOYEE RIGHT TO KNOW ACT

45. Plaintiff incorporates by reference herein the foregoing paragraphs.

46. The Bullard-Plawecki Employee Right to Know Act grants an employee the right to receive a copy of his or her personnel record.

47. Plaintiff made a request for his personnel record on November 15, 2021.

48. The letter was delivered through undersigned counsel.

49. However, to date, his personnel record has not been furnished.

50. Defendant's violation was knowing and willful. Plaintiff, therefore, is entitled to actual damages, $200.00 plus costs, and reasonable attorney's fees.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages for monetary and non-monetary loss;

b. Exemplary and punitive damages;

c. Prejudgment interest;

d. Attorneys' fees and costs; and

e. Such other relief as in law or equity may pertain.

Respectfully Submitted,

8

|  | HURWITZ LAW PLLC |
|---|---|
|  | /s/ *Noah S. Hurwitz* |
|  | Noah S. Hurwitz (P74063) |
|  | Kara F. Krause (P85487) |
|  | Grant Vlahopoulos (P85633) |
|  | Attorneys for Plaintiff |
|  | Hurwitz Law PLLC |
|  | 617 Detroit Street, Ste 125 |
|  | Ann Arbor, MI 48104 |
| Dated: March 15, 2022 |  |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKE CZAJKA,

    Plaintiff,                                           Case No.

v.                                                     Hon.

A.D. TRANSPORTATION EXPRESS, INC.,

    Defendant.

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
Kara F. Krause (P85487)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
617 Detroit Street, Suite 125
Ann Arbor, MI 48103
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com
kara@hurwitzlaw.com

## JURY DEMAND

Plaintiff Mike Czajka, by and through his attorneys, HURWITZ LAW PLLC, and hereby demands a jury trial in the above-captioned matter for all issues so triable.

                                         Respectfully Submitted,

                                         HURWITZ LAW PLLC

                                         /s/ *Noah S. Hurwitz*
                                         Noah S. Hurwitz (P74063)
                                         Kara F. Krause (P85487)

                                        Grant Vlahopoulos (P85633)
                                        Attorneys for Plaintiff
                                        Hurwitz Law PLLC
                                        617 Detroit Street, Ste 125
                                        Ann Arbor, MI 48104

Dated: March 15, 2022